James R. Ross, Plaintiff, *v.* Waters S. Davis, Jr., Defendant.

Supreme Court, Trial Term, New York County, January 5, 1950.

*Carlino, Quinn & Bowers* for plaintiff.

*Cadwalader, Wickersham & Taft* for defendant.

Steuer, J.   The questions here involved refer to the second cause of action.   The facts are as follows: Plaintiff's assignor is the former wife of defendant.   These parties were divorced long prior to the events herein discussed.   A separation agreement providing for the support of the wife and the issue of the marriage was incorporated by reference in the decree.   Pursuant to this agreement two of the children were with the defendant at his residence in Texas.   He failed to send them back to his former wife as he was obligated to do by the agreement.   Plaintiff's assignor then retained an attorney in New York.   The attorney went with her to Texas where local counsel were retained.   A writ of habeas corpus was obtained by these counsel and a trial was had upon the return of the writ.   The difficulties of the parties were adjusted with the aid of the court and one of the two children returned with plaintiff's assignor to her home in Connecticut, the other remaining with defendant in Texas. Plaintiff's assignor is a resident of Connecticut.   Her New York

attorney submitted a bill of $10,750 for his services, at the same time allowing a credit of $750 which was paid him by the Texas counsel from their fee. The balance was paid.

By the second cause of action plaintiff's assignor seeks recoupment of the $10,000 on the theory that this was a necessary, advanced for the benefit of the child. It is not disputed that recovery of this sum would be barred by the Statute of Limitations of Texas (Texas Revised Civil Statutes, art. 5526) if this statute applies. As the plaintiff's assignor is a nonresident the Texas statute would apply (Civ. Prac. Act, § 13) unless " the cause originally accrued in favor of a resident ". It is claimed that it did so accrue, the resident being the attorney who rendered the services. The argument is that a person who pays for necessaries has a cause of action by virtue of being subrogated to the rights of the person who actually supplies the goods or performs the services which constitute the necessaries. There is substantial ground for belief that this was the theory upon which such suits were originally allowed. (See opinion of Whitney, J., in De Brauwere v. De Brauwere, 69 Misc. 472, where the English authorities are reviewed). It is clear that what is meant is that the person paying is subrogated not to the cause of action which the actual supplier has against the father but to the cause of action that he might have had if he supplied the necessaries on the credit of the father. The payor's cause of action, however, is not restricted to those instances where the supplier relied on the father's credit. This being so, it may be said that his cause of action is based on a theory of subrogation but he is not subrogated to the supplier's rights. Hence he sues in his own right and his is not a cause of action which in the words of the Civil Practice Act " originally accrued " to another. It follows that the foreign Statute of Limitations applies and the suit is barred. Motion to set aside verdict and dismiss the complaint is granted.